IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | |
| | § | No. 3:20-cr-217-S (28) |
| HOBEDT MORENO, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

In an Order Accepting Report and Recommendation of the United States Magistrate Judge Concerning Plea of Guilty, dated September 8, 2021, United States District Judge Karen Gren Scholer has referred this matter to the undersigned United States magistrate judge for a hearing to determine whether it has been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Hobedt Moreno should not be detained under 18 U.S.C. § 3143(a)(2) and whether it has been shown by clear and convincing evidence that Defendant Hobedt Moreno is not likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c). *See* Dkt. No. 590.

**Background**

Defendant is set for sentencing before Judge Scholer on January 5, 2022. *See* Dkt. No. 594. "[W]hether a defendant should be released pending trial and whether a defendant should be released pending sentencing or appeal are distinct inquiries

governed by different provisions of the Bail Reform Act." *United States v. Lee*, 31 F. App'x 151, No. 01-30876, 2001 WL 1747632, at *1 (5th Cir. Dec. 4, 2001).

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

On September 15, 2020, Defendant was released at his initial appearance subject to an order setting conditions of release. *See* Dkt. No. 179.

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds

there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

Defendant, as ordered, filed a motion for continued pretrial release in which he identifies the exceptional circumstances under 18 U.S.C. § 3145(c) that he contends justify his continued release post-conviction and in which he addresses whether he is likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c) pending sentencing. *See* Dkt. No. 625.

The Court held a hearing on October 6, 2021 on the matters referred by Judge Scholer, at which Defendant appeared in person and through counsel and the government's counsel appeared.

## Legal Standards and Analysis

As a preliminary matter, Defendant is subject to mandatory detention under Section 3143(a)(2) because he has, on a guilty plea, now been adjudged guilty of a violation of 21 U.S.C. § 841. *See* Dkt. Nos. 394, 537, & 590. That is "an offense in a case described in subparagraph (A) ... of subsection (f)(1) of section 3142," specifically,

"an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)."

Defendant therefore must be detained pursuant to 18 U.S.C. § 3143(a)(2) unless he meets the conditions of release set forth in Section 3143(a)(2) or 18 U.S.C. § 3145(c). Release of "a person who has been found guilty of an offense in a case described in [18 U.S.C. § 3142(f)(1)(A)] and is awaiting imposition or execution of sentence" requires that "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016) ("The decision to detain Jacqueline after conviction is a common one because of the presumption in favor of detention that attaches to a convicted defendant. *See* 18 U.S.C. § 3143."); *United States v. Lopez*, 504 F. App'x 297, 298 (5th Cir. 2012) ("A defendant who has been convicted 'shall ... be detained' pending sentencing 'unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.' Thus, there is a presumption against release pending sentencing." (footnotes omitted)). As the United States Court of Appeals for the Fifth Circuit has repeatedly recognized, Federal Rule of Criminal Procedure 46(c) and Section 3143(a)(1) impose a burden on a convicted defendant seeking release pending sentencing to show by clear and convincing evidence that she or he is not a flight risk

or a danger to the community. *See* 18 U.S.C. § 3143(a)(1); FED. R. CRIM. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."); *United States v. Lockett*, 549 F. App'x 269 (mem.), No. 13-11097, 2013 WL 6623771, at *1 (5th Cir. Dec. 17, 2013).

Further, Defendant must meet the conditions of release set forth in Section 3143(a)(2)(A) or 3145(c). Defendant cannot, and does not claim that he can, satisfy the Section 3143(a)(2)(A) showing that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that an attorney for the government has recommended that no sentence of imprisonment be imposed on Defendant.

18 U.S.C. § 3145(c) provides that "[a] person subject to detention pursuant to [18 U.S.C. §] 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18 U.S.C. §] 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." As reflected in the Report and Recommendation Concerning Plea of Guilty [Dkt. No. 537], Section 3145(c) provides an alternative basis for pre-sentencing release under "exceptional circumstances," so long as Defendant also makes the required showing under Section 3143(a)(1) and 3143(a)(2)(B) – that is, by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or

the community if released under 18 U.S.C. § 3142(b) or 3142(c) pending sentencing. *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991).

The Court finds that Defendant has made the required showing that he is not likely to flee or pose a danger to the safety of any other person or the community if continued on release. As Defendant explains in his Motion for Continued Pre-Trial Release, he "has complied with his release conditions for almost a year without any known incidents. This establishes clear and convincing evidence that he is not likely to flee or pose a danger to others or the community. He lives in California and yet has traveled to Dallas, Texas on two occasions, once for his initial and arraignment hearings and again for his plea hearing.." Dkt. No. 625 at 3.

The issue of Defendant's presentencing release therefore turns on whether "it is clearly shown that there are exceptional reasons why [Defendant's] detention [pending sentencing] would not be appropriate." 18 U.S.C. § 3145(c). In support of that showing, Defendant explains:

> The ongoing Covid-19 pandemic coupled with Moreno's current living circumstances and conditional release compliance provides exceptional circumstances which justify his continued conditional release. Over a year ago the county went into a quarantine lockdown unprecedented in the lives of most people. The county is currently in the midst of the delta variant waive of the pandemic. Undersigned counsel's understanding of the news regarding the pandemic is that normalcy should return by this time next year. Moreno made his first appearance in this case during the second waive of the pandemic in the United States District Court for the Central District of California on September

>  15, 2020. See ECF No. 179 (Rule 5 documents). The Central District of California granted Moreno conditional release on September 18, 2021. See id. He appeared in Dallas, Texas for his initial and arraignment hearings on October 7, 2021. See ECF Nos. 191-92. He has remained on release without any issues known to undersigned counsel since his release on conditions in California. The government submitted the plea documents for Moreno on May 27, 2020. See ECF Nos. 393-95. Moreno pled guilty pursuant to that documentation on August 24, 2021. See ECF No. 538.
>
>  Moreno lives with his common-law wife, Yenely Garcia and two children. The family lives in a small apartment in Los Angeles, California. His currently works full-time as a house painter. He provides the primary financial support for the family. He is also a major support for his mother's health care. She suffers from a tumor in her head and Moreno helps her get to her medical appointments and with daily matters.
>
>  ….
>
>  As noted, Moreno has complied with his release conditions for almost a year without any known incidents. This establishes clear and convincing evidence that he is not likely to flee or pose a danger to others or the community. He lives in California and yet has traveled to Dallas, Texas on two occasions, once for his initial and arraignment hearings and again for his plea hearing. Coupled with the ongoing Covid-19 pandemic situation, this case presents as one in which exceptional reasons exist as to why such detention is not appropriate.

Dkt. No. 625 at 1-3.

At the hearing, Defendant's counsel further proffered that Defendant is primarily responsible for assisting and supporting his mother, and the government's counsel deferred to the Court on the referred issues.

The United States Court of Appeals for the Fifth Circuit has explained that the "exceptional reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions." *Carr*, 947 F.2d at 1240. The United States Court of Appeals for the Second Circuit offers a working definition of "exceptional reasons": "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). That court also explained that, in assessing reasons proffered as the basis for release under Section 3145(c), "a case by case evaluation is essential." *Id.* The United States Court of Appeals for the Eighth Circuit has similarly explained that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (citation omitted). One court has explained that, "to avoid emasculating the mandatory detention statute[,] 'exceptional reasons review is limited to determining whether remanding the defendant to custody until sentencing would be tantamount to subjecting individuals to unjust detention.'" *United States v. Thomas*, No. 10-cr-229, 2010 WL 3323805, at *2 (D.N.J. Aug. 20, 2010) (quoting *United States v. Christman*, 712 F. Supp. 2d 651, 655 (E.D. Ky. 2010)).

District courts in this circuit have noted a variety of circumstances that do not rise to the level of exceptional. *See United States v. Cyrus*, No. 10-0228-04, 2010 WL 5437247, at *1-*2 (W.D. La. Dec. 27, 2010) (need to "secure his home and attend to other personal matters" were not exceptional reasons justifying release pending sentencing); *United States v. Douglas*, 824 F. Supp. 98, 99-100 (N.D. Tex. 1993) (defendant's cooperation with the government that subjected him to potential retaliation by co-defendants and his attempts at rehabilitation did not constitute exceptional reasons); *United States v. Dempsey*, No. 91-098, 1991 WL 255382, at *1-*2 (E.D. La. Nov. 19, 1991) (poor health, emotional and mental problems, and need to properly prepare his business and his family for his long absence were not exceptional circumstances); *United States v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, at *1-*2 (E.D. Tex. Nov. 22, 1995) (need to assist parent was a purely personal reason that was no more exceptional than those routinely rejected by courts); *see also United States v. Landry*, No. CR 15-32-JWD-SCR, 2015 WL 5202458, at *2-*4 (M.D. La. Sept. 4, 2015); *United States v. Posada,* 109 F. Supp. 3d 911, 912-16 (W.D. Tex. 2015).

The facts that Defendant urges as exceptional circumstances, including his compliance with his conditions of pretrial release, are certainly commendable. But the Court determines – as have many other courts when presented with similar arguments for presentencing release – that Defendant's proffered reasons for continuing his release do not individually give rise to a situation that is out of the ordinary. But the Court determines that all of the circumstances that Defendant asserts are, taken

together at this point in time, a unique combination of circumstances giving rise to a situation that is out of the ordinary. Among other circumstances, Defendant presents what the Court believes to be valid family-related concerns that, combined with this compliance to date, amount to a situation in which Defendant's detention pending his sentencing hearing in four months in January 2022 would not be appropriate.

## Conclusion

The Court finds that Defendant Hobedt Moreno has presented so unique a combination of circumstances that is so clearly out of the ordinary, uncommon, or rare as to justify ordering release pending sentencing under 18 U.S.C. § 3145(c) and that Defendant Hobedt Moreno met his burden to clearly show exceptional circumstances why he should not be detained pending sentencing – that is, exceptional reasons why his detention would not be appropriate – and to show by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community if he remains on release under 18 U.S.C. § 3142(c). Defendant Hobedt Moreno is ORDERED to remain on release, subject to his current conditions of release, pending his sentencing before Judge Scholer.

SO ORDERED.

DATED: October 6, 2021

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE